Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50026 | **DATE** | 6/11/2002 |
| **CASE TITLE** | O'BRIEN vs. MORSE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order plaintiff's motion to begin "opt-in" notice to the members of the plaintiff's class is granted. Defendant is to submit to plaintiff names of past and present employees in the last three years who performed the jobs of plasterer or laborer, within 21 days. Potential plaintiff's are given sixty days to return their consent forms to opt-in.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| X | Notices mailed by judge's staff. | JUN 1 1 2002 |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 6-11-02 date mailed notice |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office — mailing deputy initials |

# ORDER

Plaintiff, Tom O'Brien, on behalf of himself and others similarly situated, filed this action against defendant Paul Morse, d/b/a Custom Plastering, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"), the Portal to Portal Act, 29 U.S.C. § 251 et. seq., the Illinois Minimum Wage Law, 820 ILCS 105/1 et. seq., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et. seq., by wilfully failing to pay overtime wages to plaintiff and others similarly situated. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a). Plaintiff moved to begin "opt-in" notice to all members of plaintiff's class, pursuant to 29 U.S.C. § 216(b). Specifically, plaintiff moves to send notice to past and present employees who were employed as plasterers and laborers within the past three years. Defendant opposes the motion to begin "opt-in" notice.

Section 216(b) of FLSA allows plaintiff to sue on behalf of "other employees *similarly situated*," in an action to recover unpaid overtime wages under section 207. 29 U.S.C. § 216(b) (emphasis added). A purported "representative plaintiff" has the right to "notify the people he would like to represent that he has brought a suit," Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982), and the court may in its discretion order discovery of and notice to, similarly situated employees.. See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 167 (1989).[1] While some courts have indicated a preference towards applying Fed.R.Civ.P. 23, concerning class actions, to a determination of who is "similarly situated" under section 216(b), e.g., Burns v. Vill. of Wauconda, 1999 WL 529574 (N.D. Ill. 1999), others have favored a less rigorous approach, at least at the notice stage because the class members are only being given a chance to "opt-in" and are not bound by the decision of the court unless they do "opt-in." See Vazquez v. Tri-State Mgmt. Co. Inc., 2002 WL 58718, *2 (N.D. Ill. 2002); See Garza v. Chicago Transit Auth., 2001 WL 503036 (N.D. Ill. 2001). The second approach seems more appropriate because it allows persons less likely to be aware of the suit, or to sue themselves, to receive notice and decide whether to opt in at an early stage. If, after discovery, the court determines they are not "similarly situated," it can take remedial action at that time.

Defendant argues plaintiff's motion should not be granted because plaintiff cannot support his individual claim, and a class representative "must have a cause of action in his own right to bring a class action." Vanskike v. Peters, III, 974 F.2d 806, 813 (7th Cir. 1992), cert denied, 507 U.S. 928 (1993). The court finds plaintiff is an adequate class representative. Defendant agrees that he is an employer subject to FLSA (Answer to First Am. Compl. ¶ 3), and does not claim exemption, as to plaintiff, from the FLSA requirement of time and one-half pay for hours worked over 40 in a week. Plaintiff alleges he worked overtime hours for defendant that he was not compensated for properly. Defendant submitted an affidavit, with accompanying time records, which appears to confirm plaintiff's claim. The record seems to show plaintiff worked five overtime hours for the week ending December 7, 2000, but he was paid straight-time, not overtime, for those hours. (Def.'s Aff. p.6).

Defendant also claims the putative class is not "similarly situated." Plaintiff's proposed notice identifies the putative class as plasterers and laborers who, in the last three years, have worked more than forty hours in one week and did not receive federally mandated overtime wages pursuant to FLSA for the hours worked in excess of forty per week. Plaintiff was employed as a laborer with job duties that included plastering. Plaintiff has sufficiently shown he is "similarly situated" with potential plaintiffs to allow notice. See Allen v. Marshall Field & Co., 93 F.R.D. 438, 443 (N.D. Ill. 1982) ("plaintiff's in a § 216(b) class action...need not show that their positions are identical, but only that they are similar"); See also, Vazquez, 2002 WL at *3.

Defendant argues that the scope of the notice should be limited to the last two years because the record does not reflect a finding of "willful" violations. Section 255(a) of FLSA provides that the statute of limitations for actions arising out of willful violations is three years. 29 U.S.C § 255(a). Willful has been interpreted as knowing or showing reckless disregard for whether the conduct was prohibited by FLSA. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Defendant knew that he was an employer subject to FLSA regulations. Therefore, he was aware that employees, unless exempt, who worked overtime are entitled to federally mandated overtime wages. Yet from the payroll records submitted by the defendant, it appears he did not pay the federally mandated overtime wages to the plaintiff. These facts imply that the proper statute of limitations is three years based on defendant's willful conduct. See Bankston v. State of Illinois, 60 F.3d 1249, 1254 (7th Cir. 1995); See Vazquez, 2002 WL at *3.

Plaintiff asks during the notice stage defendant not be allowed to communicate with potential class members. District courts have the authority to issue orders limiting the communication between parties and class members. See Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981); See e.g., Union Carbide Corp. v. U.S. Cutting Serv. Inc., 782 F.2d 710, 712 (7th Cir. 1986). In instances where the district court may have legitimate concerns for potential abuse by the parties a protective order may be issued. See Gulf Oil at 758. A protective order should only be issued if the record reflects a clear finding of potential abuse. Id. at 101; Williams v. Chartwell Fin. Serv. Ltd., 204 F.3d 748, 759 (7th Cir. 2000). There is no indication from the record of potential abuse by the defendant and plaintiff has not alleged such abuse. No protective order will be issued.

For the reasons stated above, plaintiff's motion to begin "opt-in" notice is granted. Plaintiff's request that defendant not communicate with potential class members is denied. The proper scope of the notice is plasterers and laborers, past and present, who have been employed by defendant in the last three years. Defendant is to furnish plaintiff with the names and addresses of persons within the scope of the notice within the next 21 days. See Woods, 686 F.2d at 580. Potential plaintiffs are given sixty days to return their consent forms to opt-in to the ligation. Plaintiff's notice is approved.

---

[1] Although the case presented to the Court was an action under the Age Discrimination Employment Act ("ADEA"), the Court recognized that Section 216(b) was incorporated into the ADEA. Id. at 167.